IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

IN RE:        COURT OPERATIONS DURING THE COVID-19 PANDEMIC.

**ADMINISTRATIVE ORDER NO. 2022-4**

In March 2020, Congress passed and the President signed legislation (CARES Act) authorizing the use of video and telephone conferencing for certain criminal proceedings during the COVID-19 emergency. Thereafter, the Judicial Conference of the United States found that the emergency conditions created by COVID-19 have affected and will materially affect the functioning of the federal courts generally.

In light of the recognized health concerns, on March 31, 2020, I exercised my authority under Section 15002(b)(1) of the CARES Act and authorized the use of video and telephone conferencing for all proceedings listed in Sections 15002(b)(1) and (2) of the Act. This authorization was to remain in effect for 90 days unless terminated earlier. On June 29, 2020, August 31, 2020, November 29, 2020, March 1, 2021, May 28, 2021, August 26, 2021, November 24, 2021 and February 22, 2022, I extended this authorization an additional 90 days. Pursuant to Section 15002(b)(3), I have now reviewed this authorization to determine whether it should be extended again.

The national emergency remains in effect and the Judicial Conference of the United States continues to find that emergency conditions have affected and will materially affect the functioning of the federal courts generally. While COVID-19 vaccines and boosters are available in Arkansas, the recent increase in COVID-19 cases within the district concerns the Court. Accordingly, pursuant to Section 15002(b)(3) of the CARES Act, the Court's Administrative Order Nos. 2020-3, 2020-7,

2020-12, 2021-2, 2021-7, 2021-11, 2012-12 and 2022-3 authorizing video and telephone conferencing are extended. These orders authorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all proceedings specifically listed in Section 15002(b)(1) of the Act:

    a. Detention hearings under section 3142 of title 18, United States Code;

    b. Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

    c. Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

    d. Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

    e. Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

    f. Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

    g. Pretrial release revocation proceedings under section 3148 of title 18, United Stated Code;

    h. Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

    i. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

    j. Proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Pursuant to Section 15002(b)(2), I further find that, in certain instances, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing individual health and safety. As a result, if a judge in the individual case finds, for specific reasons,

that a felony plea or sentencing in that case cannot be delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or telephone conferencing if video conferencing is not reasonably available, for felony plea or sentencing in that case. Judges may also use this authority for equivalent events in juvenile cases as described in Section 15002(b)(2)(B) of the Act.

Pursuant to Section 15002(b)(3) of the Act, this authorization will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the entry of this order, I will review this authorization and determine whether to extend it.

IT IS SO ORDERED, this 23rd day of May, 2022.

_____
SUSAN O. HICKEY
CHIEF UNITED STATES DISTRICT JUDGE